UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CYMEYON HILL, | No. 2:22-cv-1603 KJM AC P |
| Plaintiff, | |
| v. | ORDER |
| MARTINI, et al., | |
| Defendants. | |

     Plaintiff, a civil detainee proceeding pro se, has filed this civil rights action seeking relief under 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge as provided by 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. On October 19, 2022, the magistrate judge filed findings and recommendations recommending the court deny plaintiff's application to proceed in forma pauperis and direct plaintiff to pay the filing fee of $402.00 for this action within fourteen days. F&R, ECF No. 11. Plaintiff has filed objections to the findings and recommendations. ECF No. 12. In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this court has conducted a *de novo* review of this case.

     The magistrate judge's recommendation was based on the fact that plaintiff had a balance of $4,656.90 in his inmate trust account. Plaintiff is a civil detainee. Consequently, the provisions of 28 U.S.C. §§ 1915(a)(2) and (b) do not apply to his application to proceed in forma pauperis, *see Page v. Torrey*, 201 F.3d 1136 (9th Cir. 2000); in relevant part, plaintiff is not

required to submit a copy of a certified inmate trust account statement.  *Cf.* 28 U.S.C. § 1915(a)(2).  Rather, the court looks to whether plaintiff has submitted an affidavit showing he "is unable to pay [the filing fee] or give security therefore." 28 U.S.C. § 1915(a)(1).  Section 1915(a) provides in relevant part a court "may authorize the commencement . . . of any suit, action or proceeding, civil or criminal or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner [sic] possesses that the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a).  This status allows a plaintiff to

> commence an action without paying the filing fees where she submits an affidavit stating that she lacks sufficient funds and where her suit is not frivolous or malicious. [Footnote omitted] *Franklin v. Murphy*, 745 F.2d 1221, 1226 (9th Cir.1984).  An affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339, 69 S.Ct. 85, 93 L.Ed. 43 (1948). The IFP statute does not itself define what constitutes insufficient assets.  As this court has recognized, "[o]ne need not be absolutely destitute to obtain benefits of the in forma pauperis statute." *Jefferson v. United States*, 277 F.2d 723, 725 (9th Cir.1960).  Nonetheless, a plaintiff seeking IFP status must allege poverty "with some particularity, definiteness and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir.1981) (internal quotation marks omitted).

*Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015)

The grant of in forma pauperis status covers more than the filing fee for a federal court action; it also covers the costs of certain transcripts and records on appeal and of service of process.  *See* 28 U.S.C. § 1915(c), (d).  Thus, the court's assessment of the sufficiency of plaintiff's funds must include consideration of the ability to cover those additional costs if in forma pauperis status is denied.

As noted, the in forma pauperis statute does not provide a definition of "what constitutes insufficient assets" for purposes of a grant of in forma pauperis status.  As a general proposition, "an affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs and still be able to provide himself and dependents with the necessities of life." *Adkins v. E.I. Du Pont De Nemours & Co., Inc.*, 335 U.S. 331, 339 (1948) (internal quotations omitted).  An individual need not be "absolutely destitute" to qualify for in forma pauperis status.

*Id.*; *cf. Olivares v. Marshall*, 59 F.3d 109, 112 (9th Cir. 1995) (pre-PLRA decision holding that imposition of partial filing fee "should not take the prisoner's last dollar").

In dicta in *Escobedo*, the Ninth Circuit suggested considerations may be different for incarcerated people, who "have limited overhead," as contrasted with non-incarcerated people "who must pay for the roof over [their] head and the food on [their] table or go without shelter and sustenance." *Escobedo*, 787 F.3d at 1236. For nonincarcerated individuals, "[m]any courts look to the federal poverty guidelines set by the United States Department of Health and Human Services ("HHS") as a guidepost in evaluating in forma pauperis applications." *C.C.R. v. Commissioner of Social Security*, 2021 WL 2534461, slip op. at 1 (E.D. Cal. 2021).

For a civil detainee like plaintiff, who also has "limited overhead" by reason of his civil detention, the *Escobedo* decision might suggest a different calculation. *See id.* at 1236 (denial of IFP status where filing fee equals twenty percent of monthly income "may be an appropriate measure for a person who is incarcerated. . . ."). Here, the findings and recommendations recommended denial of in forma pauperis status on the ground that "[p]laintiff has made an inadequate showing of indigency in the application before the court." F&R at 1. On further review, the court finds the magistrate judge's analysis of plaintiff's claimed indigency does not support the recommended denial at this time.

Accordingly, this matter will be referred back to the assigned magistrate judge for further review and consideration of whether, on the record as a whole in this action, plaintiff's application to proceed in forma pauperis meets the standard in 28 U.S.C. § 1915(a) as interpreted in *Adkins v. E.I. Du Pont De Nemours & Co., Inc.*, 335 U.S. 331, 339 (1948), and its progeny.

Accordingly, IT IS HEREBY ORDERED that this matter is referred back to the assigned magistrate judge for further proceedings consistent with this order.

DATED: December 6, 2022.

CHIEF UNITED STATES DISTRICT JUDGE