UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CYMEYON HILL,<br><br>          Plaintiff,<br><br>     v.<br><br>MARTINI, et al.,<br><br>          Defendants. | No. 2:22-cv-1603 KJM AC P<br><br><br>ORDER |

   Plaintiff is a civil detainee proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. For the reasons set forth below, plaintiff will be required to file further briefing in support of his application to proceed in forma pauperis.

   On October 19, 2022, the undersigned recommended that plaintiff's motion for leave to proceed in forma pauperis be denied because plaintiff had made an inadequate showing of indigency. ECF No. 11. The undersigned found that though plaintiff had indicated he did not have any cash, his trust account statement filed in this case reflected a balance of $4,656.90. <u>Id.</u> at 1. Plaintiff objected to the findings and recommendations (ECF No. 12), and the district judge assigned to this case declined to adopt the findings and recommendations (ECF No. 13). In declining to adopt the findings and recommendations, the district judge noted that plaintiff is a civil detainee, not a prisoner, and that a grant of in forma pauperis status included not only the filing fee but also the costs associated with certain transcripts and records on appeal as well as

service of process. Id. at 1-2. Accordingly, "the court's assessment of the sufficiency of plaintiff's funds must include consideration of the ability to cover those additional costs if in forma pauperis status is denied." Id. at 2. The matter was referred back to the undersigned "for further review and consideration of whether, on the record as a whole in this action, plaintiff's application to proceed in forma pauperis meets the standard in 28 U.S.C. § 1915(a) as interpreted in Adkins v. E.I. Du Pont De Nemours & Co., Inc., 335 U.S. 331, 339 (1948), and its progeny." Id. at 3.

In his application to proceed in forma pauperis, signed September 30, 2022, plaintiff claimed that he received no money from business, profession, or other self-employment, rent payments, interest or dividends, pensions, annuities, or life insurance payments, disability or workers compensation payments, gifts or inheritances, or any other source over the last twelve months. ECF No. 9 at 1. Plaintiff also stated that he had no cash and that no persons were dependent on him for support. Id. at 2. However, plaintiff's trust account statement, which was filed in this case on October 17, 2022, reflects that plaintiff's account has a balance of $5,221.90, with encumbrances of $565.00, for an available balance of $4,656.90. ECF No. 10 at 1. It shows that his initial balance on April 1, 2022, was $3,818.37, and that plaintiff received the following deposits: (1) $1,200.00 on April 20, 2022, labeled as a special deposit; (2) $600.00 and $51.47 on April 20, 2022, labeled as miscellaneous income; (3) $1,851.47 on May 20, 2022, labeled as TRACS transfer in; (4) $200.00 on June 14, 2022, labeled as JPAY; and (5) $100.00 on September 20, 2022, labeled as a voluntary withdrawal. Id.

These deposits to plaintiff's trust account suggest that plaintiff's claim in his in forma pauperis application that he received no money from any source over the last twelve months is not accurate. Plaintiff will therefore be ordered to file further briefing addressing: 1) the sources of the funds for the initial balance in his inmate trust account on April 1, 2022, and whether he receives income regularly from any of those sources; 2) the sources of the deposits to his inmate trust account listed above and whether he receives income regularly from any of these sources; and 3) whether he has any recurring expenses for any necessities of life.

////

Accordingly, IT IS HEREBY ORDERED that within twenty-one days of the service of this order, plaintiff shall file further briefing on his request to proceed in forma pauperis as set forth above. Failure to comply with this order will result in a recommendation that this action be dismissed.

DATED: April 26, 2023

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE