UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CYMEYON HILL, | No. 2:22-cv-1603 KJM AC P |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| MARTINI, et al., | |
| Defendants. | |

Plaintiff is a civil detainee proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983.

I.   Procedural and Factual Background

On October 19, 2022, the undersigned recommended that plaintiff's motion for leave to proceed in forma pauperis (IFP) be denied because plaintiff had made an inadequate showing of indigency. ECF No. 11. The undersigned found that though plaintiff had indicated he did not have any cash, his trust account statement filed in this case reflected a balance of $4,656.90. Id. at 1. Plaintiff objected to the findings and recommendations on the ground that he is a civil detainee (ECF No. 12), and the district judge assigned to this case declined to adopt the findings and recommendations (ECF No. 13). In declining to adopt the findings and recommendations, the district judge noted that plaintiff was a civil detainee, not a prisoner, and that a grant of IFP status included not only waiver of the filing fee but also the costs associated with certain

1

transcripts and records on appeal, as well as service of process. Id. at 1-2. Accordingly, "the court's assessment of the sufficiency of plaintiff's funds must include consideration of the ability to cover those additional costs if in forma pauperis status is denied." Id. at 2. The matter was referred back to the undersigned "for further review and consideration of whether, on the record as a whole in this action, plaintiff's application to proceed in forma pauperis meets the standard in 28 U.S.C. § 1915(a) as interpreted in Adkins v. E.I. Du Pont De Nemours & Co., Inc., 335 U.S. 331, 339 (1948), and its progeny." Id. at 3.

After the matter was referred back to the undersigned, plaintiff was ordered to supplement his application because deposits to his trust account suggested that his claim of having received no money from any source over the past twelve months was not accurate. ECF No. 14 at 2. Specifically, the undersigned found that

> [i]n his application to proceed in forma pauperis, signed September 30, 2022, plaintiff claimed that he received no money from business, profession, or other self-employment, rent payments, interest or dividends, pensions, annuities, or life insurance payments, disability or workers compensation payments, gifts or inheritances, or any other source over the last twelve months. ECF No. 9 at 1. Plaintiff also stated that he had no cash and that no persons were dependent on him for support. Id. at 2. However, plaintiff's trust account statement, which was filed in this case on October 17, 2022, reflects that plaintiff's account has a balance of $5,221.90, with encumbrances of $565.00, for an available balance of $4,656.90. ECF No. 10 at 1. It shows that his initial balance on April 1, 2022, was $3,818.37, and that plaintiff received the following deposits: (1) $1,200.00 on April 20, 2022, labeled as a special deposit; (2) $600.00 and $51.47 on April 20, 2022, labeled as miscellaneous income; (3) $1,851.47 on May 20, 2022, labeled as TRACS transfer in; (4) $200.00 on June 14, 2022, labeled as JPAY; and (5) $100.00 on September 20, 2022, labeled as a voluntary withdrawal. Id.

Id. Plaintiff was "ordered to file further briefing addressing: 1) the sources of the funds for the initial balance in his inmate trust account on April 1, 2022, and whether he receives income regularly from any of those sources; 2) the sources of the deposits to his inmate trust account listed above and whether he receives income regularly from any of these sources; and 3) whether he has any recurring expenses for any necessities of life." Id. He was cautioned that failure to respond could result in dismissal of this case. Id. at 3. The time for responding has now passed, and plaintiff has not responded to the order in any way.

II.     Legal Standard for In Forma Pauperis Status

Section 1915(a)(1) provides, in relevant part, that "any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such [person[1]] possesses that the person is unable to pay such fees or give security therefor." "[A] plaintiff seeking IFP status must allege poverty 'with some particularity, definiteness and certainty.'" Escobedo v. Applebees, 787 F.3d 1226, 1234 (9th Cir. 2015) (quoting United States v. McQuade, 647 F.2d 938, 940 (9th Cir. 1981) (per curiam)).  Where an in forma pauperis affidavit is written in the language of § 1915(a)(1), the court should ordinarily accept it, "particularly where unquestioned and where the judge does not perceive a flagrant misrepresentation." Adkins, 335 U.S. at 339.

"The IFP statute does not itself define what constitutes insufficient assets," but the applicant does not need to be "absolutely destitute" to qualify for IFP status. Escobedo, 787 F.3d at 1234 (citations omitted).  In assessing the applicant's financial condition, the court should consider not just the applicant's income, but also the money that applicant pays for necessities such as rent, necessary bills, and food. Id. at 1235. "It [is] within the court's discretion to make a factual inquiry and to deny the motion when [plaintiff is] unable, or unwilling, to verify their poverty." McQuade, 647 F.2d at 940 (internal citations omitted).

III.    Discussion

The question before the court is whether the current record demonstrates that plaintiff's application meets the § 1915(a)(1) standard under Adkins, 335 U.S. at 339, and its progeny. ECF No. 13.  This includes consideration of whether plaintiff's funds are sufficient to pay not only the filing fee but also the "costs of certain transcripts and records on appeal and of service of

---

[1] "Person" has been substituted for "prisoner" because it appears "that the use of the word 'prisoner' was an oversight" and "that the affidavit requirement of section 1915(a)(1) applies to all persons applying to proceed [in forma pauperis]." Haynes v. Scott, 116 F.3d 137, 140 (5th Cir. 1997) (citing Floyd v. United States Postal Serv., 105 F.3d 274, 276 (6th Cir. 1997)); Lister v. Dep't of Treasury, 408 F.3d 1309, 1312 (10th Cir. 2005) ("Section 1915(a) applies to all persons applying for IFP status, and not just to prisoners." (citations omitted)); Martinez v. Kristi Kleaners, Inc., 364 F.3d 1305, 1306 n.1 (11th Cir. 2004) (same).

process." Id. at 2.  However, despite being ordered to provide additional information regarding his financial status, plaintiff has refused to provide a clear picture of his assets and obligations, even after the court specified the financial information he must provide.

Plaintiff's incomplete and misleading representations to the court make an assessment of his financial condition all but impossible.  More troubling are plaintiff's conflicting statements made under penalty of perjury.  In his original October 6, 2022 application, plaintiff wrote, under penalty of perjury, that he had received no money from any sources in the past twelve months and had no cash or assets.  ECF No. 9.  Yet his trust account statement shows that, during the six months preceding the filing of the complaint, he received hundreds of dollars in deposits to his trust account in addition to the nearly $4,000.00 already in his account.  ECF No. 10.  Plaintiff then wholly failed to respond to the court's order that he provide the source of these payments and beginning balance, and that he inform the court whether he receives money from those sources regularly.  Furthermore, though not a prisoner, plaintiff is civilly detained, meaning many of his necessities are paid for by the state, and he has failed to address whether he had any recurring expenses and his application to proceed in forma pauperis does not reflect any such expenses.

While Escobedo, 787 F.3d at 1235, indicates that the court must consider the costs of plaintiff's necessities of life, such consideration is impossible without an accurate picture of those costs and plaintiff's income.  Plaintiff has completely failed to explain why he is unable afford necessities of life and the costs of the filing fee, service of process, and appellate costs when he is in the custody of the state and has thousands of dollars in his trust account.  Nor is the court able to determine on its own whether plaintiff can pay for the costs of service of process or costs generated by any appeal that plaintiff may file because of plaintiff's failure to clarify his assets and expenses.  Instead, plaintiff apparently believes that he is entirely exempt from these costs and entitled to IFP status solely based on the fact that he is a civil detainee.  See ECF No. 9 at 2; ECF No. 12 at 1-2.  This belief is not supported by the law.

Here, the court observed what appeared to be a "flagrant misrepresentation" in plaintiff's IFP application when it became aware that plaintiff's trust account statement showed that plaintiff

had several thousand dollars in his inmate trust account.  The court gave plaintiff an opportunity to file a supplemental affidavit "to state the facts as to [his] poverty with some particularity, definiteness and certainty."  McQuade, 647 F.2d at 940.  However, plaintiff has completely failed to supplement his application and it therefore appears that he is "unable, or unwilling, to verify [his] poverty."  Id.  The court cannot make the assessments necessary to determine the propriety of IFP status here for the simple reason that plaintiff has not provided the necessary information and is, apparently, unwilling or unable to do so.  Plaintiff has made apparent misrepresentations about his financial condition and has refused the court's invitation to provide an accurate picture of his finances.  Accordingly, the motion to proceed in forma pauperis should be denied.  See McQuade, 647 F.2d at 940 ("It [is] within the court's discretion to make a factual inquiry and to deny the motion when [plaintiff is] unable, or unwilling, to verify their poverty." (internal citations omitted)).

IV.     Conclusion

For the reasons set forth above, plaintiff's application to proceed in forma pauperis should be denied and plaintiff should be required to pay the filing fee in full or face dismissal of this case.

IT IS HEREBY RECOMMENDED that:

1.  Plaintiff's motion for leave to proceed in forma pauperis (ECF No. 9) be DENIED.

2.  Plaintiff be given thirty days to pay the filing fee or face dismissal of the case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days after being served with these findings and recommendations, plaintiff may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified

////
////
////
////

time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: June 7, 2023

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE